IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WARREN DANIEL ODOM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-239 |
| | ) | |
| SHERIFF RICHARD ROUNDTREE; | ) | |
| CHARLES B. WEBSTER DETENTION | ) | |
| CENTER; LT. ASHLEY; and OFFICERS | ) | |
| ON DUTY, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently detained at Charles B. Webster Detention Center in Augusta, Georgia, filed this case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.   **SCREENING THE COMPLAINT**

   A.   **BACKGROUND**

In his complaint, Plaintiff names as Defendants: (1) Sheriff Richard Roundtree, (2) Charles B. Webster Detention Center, (3) Lt. Ashley, and (4) Officers on Duty. (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On August 29, 2023, around 8:30 A.M., two inmates entered Plaintiff's cell and attacked and robbed him. (Id. at 5.) Plaintiff beat on the dorm entrance door for help, but no officer came to help him even though there are cameras in the jail. (Id.) Plaintiff laid on the ground bleeding after no officer came to help him. (Id.) Plaintiff's attackers threatened to stab him again if he asked for help. (Id.) Following the incident, Plaintiff showered three times and changed jumpsuits three times because he was bleeding heavily. (Id.)

Plaintiff did not see any officers for hours after the attack. (Id. at 5-6.) At lunch, an officer saw Plaintiff had been stabbed and was bleeding, and accordingly, told another officer that Plaintiff should be taken to medical. (Id. at 6.) While being escorted to medical, the officer told Plaintiff, "if he knew it was that bad he would've taken [Plaintiff] to medical sooner." (Id.) In medical, Plaintiff received an IV, and an ambulance was called. (Id.) Once the paramedics arrived, they expressed they were upset that it took so long for Plaintiff to get medical attention after being stabbed. (Id.) Plaintiff was taken to MCG Hospital in Augusta, Georgia, for treatment. (Id.)

Since the attack, Plaintiff has experienced nightmares and panic attacks. (Id.) Once he returned to general population several months later, he was attacked again in his sleep as retaliation for the other two inmates' attack. (Id.)

For relief, Plaintiff seeks monetary relief and for his pending charges to be dismissed. (Id. at 7.)

    **B.    DISCUSSION**

        **1.    Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant

2

who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow

v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

###     2.    Plaintiff Fails to State a Claim Against Defendants Sheriff Roundtree and Lt. Ashley

The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). While Plaintiff names Defendants Roundtree and Ashley in the caption of his complaint, Plaintiff does not mention them anywhere in the statement of his claim nor does he make any allegations associating Defendants with any purported constitutional violations. (See generally doc. no. 1.) Dismissal of these three Defendants is therefore appropriate. See Douglas, 535 F.3d at 1321-22.

Moreover, Plaintiff fails to state a claim against Defendants Roundtree and Ashley by virtue of their supervisory positions at Charles B. Webster Detention Center. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (*per curiam*). Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold Defendants liable, Plaintiff must demonstrate that they (1) actually participated in the alleged constitutional violation, or (2) there is a causal connection between the individual's actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff merely alleges Defendant Roundtree was the Sheriff and Defendant Ashley was a Lieutenant at Charles B. Webster Detention Center. (See generally doc. no. 1.) However, he does not allege Defendants Roundtree and Ashley participated in any alleged violations. Therefore, Plaintiff must allege a causal connection between Defendants Roundtree and Ashley and the asserted constitutional violations in order to hold the defendants liable. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation).

The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support

5

"an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff's allegations do not provide the causal connection to hold Defendants Roundtree and Ashley liable.  Plaintiff has not alleged (1) a history of widespread abuse regarding improper treatment of inmates at Charles B. Webster Detention Center, (2) an improper custom or policy put in place by Defendants regarding treatment of inmates, or (3) an inference Defendants directed prison employees to act, or knew they would act, unlawfully.  Indeed, as already explained above, Plaintiff does not mention Defendants Roundtree and Ashley in his statement of the claim.  In sum, Plaintiff has not shown Defendants Roundtree and Ashley actually participated in the alleged constitutional violation; nor has he drawn the necessary causal connection to any alleged constitutional violation.  Therefore, Plaintiff fails to state a claim upon which relief may be granted against Defendants Roundtree and Ashley.

### 3. Charles B. Webster Detention Center Is Not Subject to Liability in a § 1983 Suit

Plaintiff fails to state a claim against Charles B. Webster Detention Center because county jails are not subject to liability under § 1983.  See, e.g., Smith v. Chatham Cnty. Sheriff's Dep't, No. CV 412-224, 2012 WL 5463898, at *2 (S.D. Ga. Oct. 22, 2012) ("[T]he [county jail] is not a legal entity capable of being sued."), *adopted by* 2012 WL 5463762 (S.D. Ga. Nov. 8, 2012); Sebastian v. Maynard, No. 5:10-CV-221, 2010 WL 3395040, at *2 (M.D. Ga. July 12, 2010) ("The Lamar County Detention Center is not a legal entity that is subject to suit under 42 U.S.C. § 1983."), *adopted by* 2010 WL 3395154 (M.D. Ga. Aug. 21, 2010); Bolden v. Gwinnett Cnty. Det. Ctr. Med. Admin. Med. Doctors & Staff, No. 1:09-CV-1966, 2009 WL 2496655, at

6

\*1 (N.D. Ga. Aug. 12, 2009) ("Jails, like the Gwinnett County Detention Center, are not legal entities subject to suit under § 1983 at all."). Appropriate parties for suit under § 1983 include "persons" who participated in the alleged violation. See 42 U.S.C. § 1983; see also Georgia Insurers Insolvency Pool v. Elbert County, 368 S.E.2d 500, 502 (Ga. 1988) (limiting § 1983 liability to "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue") (quotations omitted).

Thus, Plaintiff fails to state a claim upon which relief can be granted against Charles B. Webster Detention Center.

### 4. Plaintiff Inadequately Identifies Defendants Officers on Duty

Plaintiff lists unidentified Officers on Duty as Defendants involved in the incident. (Doc. no. 1, pp. 4, 5-6.) Generally, "fictitious-party pleading is not permitted in federal court." Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (citation omitted). An exception exists, "when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" Id. (quoting Dean v. Barber, 951 F.2d 1210, 1215-16 (11th Cir. 1992)). In Richardson, the Eleventh Circuit Court of Appeals found merely describing a John Doe defendant as a correctional officer "was insufficient to identify the defendant among the many guards employed [at the facility.]" Id. Here, Plaintiff has similarly identified Defendants as "Officers on Duty." (Doc. no. 1, p. 4.) Moreover, Plaintiff's statement of claim identifies Charles B. Webster Detention Center officers in general terms but fails to further provide any specific information about these named Defendants. (See generally doc. no. 1.) Rather, all Plaintiff has provided by way of identification is that these Defendants were on duty at Charles B. Webster Detention Center on August 29, 2023, the day of the attack. (See generally doc. no. 1.) This description is insufficient to enable the officers to be identified from among the many other correctional officers

at Charles B. Webster Detention Center and served with process. Thus, the Court must recommend dismissal of the Defendants Officers on Duty.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 18th day of March, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA